## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **PAUL SCHLACHT, et al.,** | ) | **CASE NO. 1:07 CV 185** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **VERIZON COMMUNICATIONS,** | ) | |
| **INC., et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon the Motion for Judgment on the Pleadings filed by Defendant, AT&T, Inc. (Docket #11). AT&T moves the Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that Plaintiffs have failed to state a claim against AT&T upon which relief can be granted.

### Factual and Procedural Background

Plaintiffs filed this action on December 15, 2006 in the Cuyahoga County Court of Common Pleas. On January 23, 2007, Defendant, Verizon Communications, Inc., removed the case to this Court on the basis of diversity jurisdiction.

Plaintiffs allege that on December 26, 2004, their Medina County house was destroyed by fire

when "emergency fire personnel were significantly delayed in responding to the fire" after Plaintiffs and their neighbors called 911. (Complaint at ¶¶ 12, 13). Plaintiffs allege that Defendant Verizon, "was and remains the communication company providing commercial and residential emergency 911 service in the area where the Schlachts' property is located. (Compl. at ¶ 5.) They allege that Verizon was negligent "in the installation, monitoring and maintaining of said 911 system" and that the alleged negligence resulted in their damages. (Compl. at ¶¶ 13, 17-19.) Plaintiffs also allege that Defendant Verizon's conduct in failing to properly maintain and monitor the 911 system amounts to willful and wanton disregard for the safety of others, including Plaintiffs. (Compl. at ¶ 17.)

Plaintiffs allege that AT&T "provided the land line telephone service" to their property at the time of the fire and that AT&T was negligent in providing Verizon with "accurate information pertaining to Plaintiffs' residence address in connection with the installation and configuration of the 911 emergency response system within Medina County" which they claim "substantially delayed emergency personnel from arriving" at their home. (Comp. at ¶¶ 6, 14-15.) In their Complaint, Plaintiffs do not allege willful and wanton misconduct on the part of AT&T.

AT&T filed its Motion for Judgment on the Pleadings on June 5, 2007. AT&T argues that the deadline for Plaintiffs to amend their Complaint has passed and that Plaintiffs have failed to allege any claim against AT&T upon which relief can be granted. Specifically, AT&T points to the fact that while Plaintiffs allege "willful and wanton misconduct" on the part of Defendant Verizon, they do not allege "willful and wanton misconduct" on the part of AT&T. AT&T asserts that absent "willful and wanton misconduct," a telephone company is immune from liability for participating in a 911 system. Ohio Rev. Code § 4931.49.

Plaintiffs did not respond to AT&T's Motion for Judgment on the Pleadings.

## DISCUSSION

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When reviewing a motion filed pursuant to Fed. R. Civ. P. 12(c), the court "must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1041 (1996).

Based upon a thorough review of Plaintiffs' Complaint, as well as the Motion for Judgment on the Pleadings filed by AT&T, the Court finds judgment in favor of AT&T to be appropriate. Plaintiffs have not alleged willful and wanton misconduct on the part of AT&T and the deadline for amending the Complaint, established by the Court as June 4, 2007, has passed. Absent willful or wanton misconduct, AT&T is immune from liability for participating in a 911 system. See Ohio Rev. Code § 4931.49(C)(1). Accordingly, Plaintiffs' claim against AT&T fails as a matter of law.

## Conclusion

For the foregoing reasons, the Motion for Judgment on the Pleadings filed by Defendant AT&T (Docket #11) is hereby GRANTED. Plaintiffs' claim against Defendant AT&T is hereby dismissed with prejudice.

IT IS SO ORDERED.

                                                    s/Donald C. Nugent
                                                    DONALD C. NUGENT
                                                    United States District Judge

DATED: 7/23/2007